| | | |
|---|---|---|
| CARLOS MOUNTS | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CAVALRY SPV I, LLC, | ) | |
| CAVALRY PORTFOLIO | ) | |
| SERVICES, LLC, and | ) | Jury Trial Demanded |
| GARNER & CONNER, PLLC, | ) | |
| | ) | |
|     Defendants. | ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Carlos Mounts is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry SPV I, LLC (hereinafter "Cavalry SPV") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry Portfolio") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Garner & Conner, PLLC (hereinafter "Garner") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by GE Money/Sam's Club ("GE Money").

9. After default, Cavalry SPV purchased the debt from GE Money or an assignee of GE Money for purposes of collection from Plaintiff.

10. Cavalry SPV is regularly engaged in purchasing defaulted consumer debts and attempts to collect them by filing collection lawsuits as named plaintiff.

11. Cavalry Portfolio is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect the consumer debts by making telephone calls, sending collection letters, and credit reporting.

12. Cavalry Portfolio hired Garner to attempt collection of the debt from Plaintiff.

13. Garner is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect the debts by making telephone calls, sending collection letters, filing collection lawsuits, recording judgment liens, and having garnishments and levies issued on behalf of its clients.

*Collection Communications*

14. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

15. On April 29, 2015, Defendants filed a collection lawsuit in General Sessions Court of Jefferson County, Tennessee. **Copy filed as exhibit 1 to this Complaint ("Doc. 1-1").**

16. The civil summons and sworn affidavit filed by Defendants against Plaintiff conveyed information regarding the debt, including that Cavalry SPV was the creditor on the debt being collected, the amount alleged as owed, and when the debt was incurred, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **Doc. 1-1.**

17. An employee of Garner prepared the civil summons.

18. The civil summons was filed "**for payment not received in the amount of $5,557.83 plus interest and attorney's fees, if applicable**". **Doc. 1-1, p. 1.** (emphasis added)

19. The preparer and signer of the sworn affidavit is an employee or agent of Cavalry Portfolio.

20. The sworn affidavit signed by Rosie Lane stated that she was "employed by Cavalry Portfolio" and that "**[Plaintiff] owed a balance of $5,557.83**", but made no mention of interest or attorney fees. **Doc. 1-1, p. 2, ¶¶ 1, 4.c.** (emphasis added)

*Attempting To Collect Interest Waived By Original Creditor*

21. The Office of the Comptroller of the Currency ("OCC") regulates GE Money.

22. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue, but it may be charged off earlier.[1]

---

[1] See OCC Bulletin 2000-20, "Uniform Retail Credit Classification and Account Management Policy: Policy Implementation Uniform Retail Credit Classification and Account Management Policy: Policy Implementation" (June 20, 2000), 65 FR 36903.

23. Charge off means a bank no longer carries the credit card receivable as asset.

24. On information and belief, GE Money's standard credit card agreements provide that it may change terms from time to time as permitted by law, and changes beneficial to consumers such as a reduction in or waiver of interest may be effected immediately and without notice to the consumer.

25. On information and belief, as a standard practice, and for sound business reasons, GE Money waives interest on credit card debts after charge off.

26. The sound business reasons for GE Money waving interest include the following:

    (a) GE Money did not, and does not want to increase the amount of bad debts on its books, for regulatory reasons.

    (b) GE Money is required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to an account. 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account...."). Banks, such as GE Money, generally prefer to waive interest and save the expense of preparing and sending statements.

    (c) Prior to the amendment of 12 C.F.R. §226.5(b)(2), the obligation to issue statements on an account continued until the creditor "[deemed] it uncollectible," or instituted legal proceedings. The addition of interest could be construed as meaning that the debt was not deemed uncollectible. See 26 C.F.R. §1.6050P-1.

27. On information and belief, in accord with standard business practices, GE Money prudentially waived interest on Plaintiff's debt after charge off.

28. On information and belief, GE Money, in accord with standard business practices, did not provide periodic statements to Plaintiff after charge off that showed an amount owed greater than $5,557.83.

29. Cavalry SPV only took what GE Money could give. If GE Money waived interest post charge off, Cavalry SPV acquired the debt subject to that waiver.

30. On information and belief, the amount of the debt Cavalry SPV purchased from GE Money or an assignee of GE Money did not include post charge off interest.

31. On information and belief, Cavalry SPV paid a price for the debt it purchased based on the charged off amount owed to GE Money.

32. On information and belief, it is Cavalry SPV's standard practice, after paying a price based on an amount that does not include post charge off interest, to seek post charge off interest an original creditor had waived the right to add.

33. Cavalry SPV was not entitled to collect any interest GE Money would not have collected after charge off. *See, Westgate v. Maryland Casualty Co.,* 147 F.2d 177, 181 (6th Cir. 1945) ("equitable maxim that he who takes the place of another as to any right or property holds it subject to all the rights of the assignor").

34. Cavalry SPV may not seek more than the amount owed when GE Money took action to waive additional interest on the debt. See, *Binswanger Southern (NC) Inc. v. Textron Inc.,* 860 S.W. 2d 862 (Tenn. Ct. App. 1993) ("[A]ssignee of a non-negotiable chose in action, such as a contract, steps into the shoes of his assignor and takes his assignor's rights subject to all defenses which may be asserted against the assignor in an action to

5
Case 3:16-cv-00151-JRG-HBG  Document 1  Filed 04/02/16  Page 5 of 10  PageID #: 5

enforce the right." *Id.* at 865, *citing*, *Third Nat'l Bank v. Capitol Records, Inc.*, 445 S.W.2d 471 (1969)); *United States v. General Motors Corp.*, 929 F.2d 249, 252 (6th Cir. 1991) ("[R]ights of the assignor and assignee are fixed at the time of the notification of the assignment."); *Stratton v. Portfolio Recovery Assoc., LLC*, 2014 U.S. App. LEXIS 20517, at *10-11 (6th Cir., Oct. 24, 2014) ("PRA cannot be given a right to collect interest—contractual or statutory—that GE waived.")

35. On information and belief, GE Money intentionally did not charge interest after charge off of its credit card receivables.

36. Cavalry SPV was not entitled to collect any "interest and attorney's fees" above what was charged off by GE Money, prior to the entry of a judgment against Plaintiff, and then only post-judgment interest.

37. By communicating the threat to add "interest and attorney's fees" in the civil summons, to the amount purchased by Cavalry SPV from GE Money or an assignee of GE Money that was not added by GE Money after charge off, and attempting to collect pre-judgment more than the amount purchased, Defendants made representations to the Plaintiff, state court, and the general public that Cavalry SPV had the right to add these amounts after the date GE Money charged off the debt, in violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Requesting Different Amounts*

38. By requesting different amounts in the civil summons and sworn affidavit, Defendants made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in Defendants making a false representation (a) of the character, amount, or legal status of any debt, and

6

(b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

*Failure To Include § 1692e(11) Language In Subsequent Communications*

39. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

40. On August 10, 2015, the state court entered an "agreed" judgment in the amount of $5,557.83, although neither the Plaintiff nor any of the Defendants signed the judgment. **Doc. 1-1, p. 1.**

41. On September 28, 2015, Defendants filed with the Jefferson County Register of Deeds a certified copy of the judgment with the register of deeds for Jefferson County, Tennessee, which became a judgment lien against Plaintiff's real property. **Copy filed as exhibit 2 to this Complaint ("Doc. 1-2").**

42. A judgment lien is not a formal pleading made in connection with a legal action.

43. The judgment lien filed by Defendants is a subsequent communication from Defendants in connection with collection of the debt that is not a formal pleading made in connection with a legal action, and it failed to disclose that it is a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). **See Doc. 9-7.**

*Summary*

44. Defendants' above-detailed conduct in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple FDCPA provisions, including, but not limited to the above-cited provisions.

7
Case 3:16-cv-00151-JRG-HBG   Document 1   Filed 04/02/16   Page 7 of 10   PageID #: 7

*Respondeat Superior Liability*

45. In addition to their individual liability under the FDCPA, the acts and omissions of Garner and Cavalry Portfolio, as agents for Cavalry SPV who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Cavalry SPV.

46. The acts and omissions by Garner and Cavalry Portfolio were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Cavalry SPV in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, Garner and Cavalry Portfolio were motivated to benefit their principal, Cavalry SPV.

48. Cavalry SPV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Cavalry SPV, including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I-IX

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1)**

50. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

51. The foregoing acts and omissions of Defendants constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

52. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I-IX**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),**

**1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1),**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/02/15                                     Respectfully submitted,

                                             **CARLOS MOUNTS**

                                             s/      Alan C. Lee
                                             Alan C. Lee, BPR # 012700
                                             Attorney for Plaintiff
                                             P. O. Box 1357
                                             Talbott, TN 37877-1357
                                             (423) 581-0924
                                             aleeattorney@gmail.com